IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| KERRY KENT ROBBINS and | ) Case No. 04-62994 |
| LATRICIA GAYLENE ROBBINS, | ) |
| | ) |
| Debtors. | ) |

MEMORANDUM OPINION

The Chapter 7 trustee objected to debtors Kerry and Latricia Robbins' amended claim of exemptions as to a prepaid health insurance premium, two Individual Retirement Investment Accounts (IRA's) and a homestead. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below I will sustain the trustee's objection.

FACTUAL BACKGROUND

Kerry and Latricia Robbins (the debtors) rented a home from Mr. Robbins' mother Georgia Ann Robbins-Evans (Georgia Ann) for approximately 13 years. While the debtors did not own a home, they did own approximately three acres of commercial real estate, where they had a business that sold boats and ATV's. On August 30, 2004, Kerry and Latricia transferred to the Georgia A. Robbins Trust UTA (the Trust) the three acres of commercial real estate. The real estate had been previously listed for sale for $116,000.00. The Trust paid Kerry and Latricia $117,371.97 for the commercial real estate, which was encumbered by

a lien in the amount of $78,567.28. Kerry and Latricia realized $38,804.69 in proceeds.

On September 1, 2004, Kerry and Latricia used some of the proceeds to pay Georgia Ann $17,000.00 to purchase the home they had been renting. On September 7, 2004, they also each invested $2,500.00 in an IRA. On September 3, 2004, they prepaid their health insurance for one year in the amount of $5,367.60.

On November 16, 2004, they filed this Chapter 7 bankruptcy petition. In their schedules they disclosed that they held $7,356.15 in their bank account, and that they owned a home with a value of $17,000.00. They did not, however, disclose the transfer of real estate to the Trust, the two IRA's, or the prepaid health insurance premiums. They also did not disclose these assets at the first section 341 meeting of creditors. They did disclose the above transfer at the continued 341 meeting held on January 7, 2005. On January 21, 2005, they amended their schedules and statement of financial affairs. In their amended Schedule "C" they claimed an exemption for the homestead and the IRA's. They also claimed a $1,200.00 wildcard exemption for the prepaid health insurance premiums. In their amended statement of financial affairs they disclosed the real estate transfer. The trustee objected to the amended exemptions, and on March 30, 2005, this Court held a hearing. Both Kerry and Latricia testified at the hearing.

### DISCUSSION

The trustee argues that the Robbins failure to disclose the transfer, their failure to disclose assets, and their failure to disclose that they converted nonexempt assets into exempt assets within 78 days of filing for bankruptcy protection should deny them their right to claim

those assets as exempt.

The Bankruptcy Appellate Panel for the Eighth Circuit (the BAP) dealt with this issue in *Bauer v. Iannacone (In re Bauer)*.[1] In that case Minnesota debtors valued their homestead at $80,000, which was slightly less than the mortgage, and claimed the federal homestead exemption, which they are allowed to do in Minnesota. After the case was closed, a fire destroyed the property. Debtors reopened the case, and amended their exemptions to attempt to claim the Minnesota homestead exemption, which is $200,000. The trustee objected to the amendment. He argued that debtors had valued real estate for only $80,000 when the home had an assessed value of $203,000 and was insured for $276,000. The bankruptcy court sustained the objection. The BAP affirmed, holding that debtors acted in bad faith when they intentionally undervalued real estate, and that that bad faith precluded them from amending their schedules and asserting an exemption to which they would otherwise have been entitled.[2] In reaching this conclusion, the BAP explained that a discharge in bankruptcy and a fresh start for debtors is a privilege, not a right. For that privilege, debtors are required to accurately and honestly disclose their financial affairs, and to cooperate with the trustee in administering the estate.[3]

In this case, Kerry testified that the debtors sold the commercial real estate to the Trust because two of his creditors had forced him to close the business and had filed a lawsuit. He

---

[1] 298 B.R. 353 (B.A.P. 8th Cir. 2003).

[2] *Id.* at 357.

[3] *Id.*

said he did not disclose the transfer because he did not remember reading the question that asked for such a disclosure in his statement of financial affairs. He said he did not disclose the IRA's because he did not remember purchasing the IRA's. He did state that he and his wife had in the past talked about purchasing IRA's if they ever had the funds to do so. He testified that he did not remember prepaying his health insurance, but even if he had, he did not realize that it was an asset. He does not, however, dispute that all of the undisclosed assets were purchased within 78 days of the bankruptcy filing, with the proceeds received from the undisclosed transfer of the commercial real estate to the Trust.

Latricia testified that she wrote the checks for the IRA's and the prepaid health insurance. She said she overlooked the question requiring the disclosure of the IRA's. She also testified that she did not realize the prepaid health insurance was an asset of the estate, therefore, she did not disclose it.

I find that the Robbins acted in bad faith when they failed to disclose the transfer of the commercial property to the Trust on August 30, 2005, 78 days before filing for bankruptcy protection. Kerry admitted that he transferred the property because creditors had filed a lawsuit against him. The debtors transferred the asset to a trust controlled by Kerry's mother, and then used half of the proceeds to purchase a home, owned by Kerry's mother, which they had rented for 13 years. This was a significant transfer of assets, which the Robbins made at a time when creditors were coming after them, and, if the creditors obtained judgments against them, would have been able to claim such assets. They used a significant share of the proceeds to purchase assets that they now wish to claim as exempt. By failing

to initially disclose the transaction with the Trust, they failed to provide the trustee with information he needed in order to determine whether the transaction should be challenged. The trustee should not have to dig for information that the debtors are obligated to provide. Debtors used the proceeds from the undisclosed sale to purchase the residence, the IRA's, and to prepay health insurance premiums. Even if all those assets had been properly disclosed in the original schedules–which they were not–debtors acted in bad faith in claiming them as exempt because they failed to disclose that they had shifted their assets around to protect them from their creditors. Debtors are obligated to disclose transactions within a year of filing for just that purpose. For these reasons, I find that the Robbins acted in bad faith in claiming property purchased with the proceeds of the undisclosed transfer as exempt. I will, therefore, SUSTAIN the trustee's objection to the Robbins amended claim of exemptions.

An Order in accordance with this Memorandum Opinion will be entered this date.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: April 7, 2005